# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MARY C. HART,** | : | CASE NO: 1:24-cv-26 |
| Plaintiff, | : | JUDGE _____ |
| v. | : | |
| **ERIK V. ELLINGSWORTH DDS, LLC** | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |

COMES NOW Plaintiff Mary C. Hart ("Plaintiff"), by and through her undersigned legal counsel, and for her Complaint against Defendant Erik V. Ellingsworth, DDS, LLC ("Defendant") alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Hart is a resident of this judicial district. Plaintiff Hart is a former employee of Defendant.

2. Defendant is an Ohio Limited Liability Company, with its principal office located 1246 Nilles Road #3, Fairfield, Ohio 45014.

3. This Court has jurisdiction over Plaintiff's Complaint because she is asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA").

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims derive from the same operative facts and are so related to her federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

1

5. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff was employed in this judicial district and a substantial part of the actions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

6. Plaintiff Hart began her employment with Defendant in 2008 as an Expanded Functions Dental Auxiliary.

7. During her employment, Plaintiff also held an administrative role that required her to answer phone calls after hours, order supplies, among other administrative responsibilities.

8. When compensating her for the two roles, Defendant paid her as an hourly employee and a salaried employee.

9. Defendant inconsistently paid her for the work she performed, paying her as an hourly employee on some occasions and a salaried employee on other occasions.

10. In 2009, Defendant Ellingsworth began offering its employees health insurance coverage under its Blue Access Plan (the "Plan") through Anthem Blue Cross and Blue Sheild ("Anthem").

11. The Plan is an Employee Welfare Benefit Plan, as defined by 29 U.S.C. 10002(1).

12. In 2009, Plaintiff and her daughter were enrolled in the Plan.

13. During her employment, Defendant withheld funds from Plaintiff's bi-weekly compensation to satisfy her portion of the premium payments.

14. The Plan required Defendant to pay a minimum contribution of 50% to the employee's monthly premium payment.

15. Prior to May 31, 2022, Plaintiff was unaware of Defendant's minimum contribution under the Plan.

16. On May 31, 2022, Plaintiff canceled her daughter's dependent coverage under the Plan with the assistance of an Insurance Broker with the Plan.

17. At this time, the Insurance Broker informed Plaintiff of Defendant's required minimum contribution.

18. After this conversation, Plaintiff reviewed her paychecks and discovered discrepancies between her monthly premium payments and the Defendant's required minimum contributions under the Plan.

19. In reviewing her paychecks, Plaintiff discovered that Defendant was in fact excessively deducting her wages to satisfy its required minimum contribution, meaning it was not paying what it was required to pay toward Plaintiff's monthly premiums.

20. At the beginning of June, Plaintiff discussed the incorrect payments with the Insurance Broker.

21. Plaintiff then met with Eik Ellingsworth, the owner of Defendant, about Defendant's responsibilities under the Plan and any reimbursements she may receive for the excessive deductions to her pay.

22. In this meeting, Defendant wrongly denied being required to make any contributions to Plaintiff's monthly premium payments.

23. However, Defendant later spoke with the Insurance Broker and immediately reversed course.

24. Defendant then tried to claim that it *had* been paying the required contributions, it just had been paying them indirectly through Plaintiff's salary.

25. Plaintiff rejected this obviously false explanation and discussed this with the Insurance Broker, but the Insurance Broker was unable to review the matter further.

26. After discovering Defendant's contribution failure – and further enduring its tactics to avoid paying said contributions, Plaintiff ended her employment with Defendant.

27. To date, Defendant has failed and refused to reimburse Plaintiff for the excessive deductions taken from her compensation.

## CAUSES OF ACTION

### Cause I: Claim for Benefits Owed

28. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

29. Under ERISA §1132, participants are allowed to recover benefits due to them under the terms of the plan.

30. At all times relevant, Plaintiff was a participant under the Plan.

31. At all times relevant, Defendant was a fiduciary under the Plan as it had control over the amounts withheld from Plaintiff's paychecks and paid to the monthly health insurance premiums.

32. Defendant was required to pay a minimum contribution of 50% to Plaintiff's monthly premium payments under the Plan.

33. By virtue of the requirement that Defendant pay a 50% minimum contribution, Plaintiff was entitled to a monetary benefit in the form of reduced monthly premium payments charged to her.

34. Defendant failed and refused to provide the required minimum contributions.

35. This refusal was incorrect and in plain violation of the Plan language.

36. To satisfy the monthly premium payments, Defendant excessively and illegally withheld funds from Plaintiff's compensation.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic harm in the form of lost wages, attorneys' fees and costs.

### Count II: Breach of Fiduciary Duty

38. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

39. At all times relevant, Plaintiff was a participant of the Plan.

40. At all times relevant, Defendant was a fiduciary under the Plan as it had control over the amounts withheld from Plaintiff's paychecks and the amounts paid for the monthly health insurance premiums.

41. Defendant was required to pay a minimum contribution of 50% of the Plaintiff's monthly premium payments under the Plan.

42. Plaintiff was entitled to receive a monetary benefit in the form of reduced premium payments.

43. Defendant failed and refused to make the required contributions under the Plan.

44. To satisfy the monthly premium payments, Defendant excessively and illegally withheld funds from Plaintiff's compensation.

45. This refusal was incorrect, in plain violation of the Plan language, and a breach of the fiduciary duty owed to Plaintiff.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic harm in the form of lost wages, attorneys' fees and costs.

### Count III: Breach of Contract

47. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs

as if fully restated herein.

48. At all times relevant, the Plan was a valid and enforceable contract between Defendant and Anthem.

49. Plaintiff, as the irrevocable beneficiary of the Plan, was an intended beneficiary with a right to enforce the terms of the Plan against Defendant.

50. The Plan required Defendant to make a minimum contribution of 50% to the Plaintiff's monthly premium payments.

51. Plaintiff was entitled to receive a monetary benefit in the form of reduced premium payments.

52. Defendant breached the contract by failing and refusing to pay the required premium payment contributions.

53. To satisfy the monthly premium payments, Defendant excessively and illegally withheld funds from Plaintiff's compensation.

54. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered economic harm in the form of lost wages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

1. Judgment in Plaintiff's favor, and that the Court order Defendant to account for and pay the benefits to which Plaintiff is entitled;

2. Judgment that Defendant was a fiduciary under the Plan;

3. An award of damages in an amount to be proven at trial;

4. An award of pre- and post-judgment interest;

5. An award of reasonable attorneys' fees and costs; and for such other and further relief, in

law or equity, as this Court may deem appropriate.

/s/ Stephen E. Imm

_____

Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

/s/ Stephen E. Imm

_____

Stephen E. Imm (0040068)