**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| MARY C. HART, | : | Case No. 1:24-cv-26 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ERIK V. ELLINGSWORTH, DDS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## ORDER AND OPINION

---

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 12). Plaintiff filed a Response in Opposition (Doc. 18), to which Defendant filed a Reply in Support (Doc. 24). The parties subsequently submitted supplemental briefing. (*See* Docs. 26, 28.) This matter is now ripe for the Court's review.

## BACKGROUND

Plaintiff Mary Hart worked for Defendant Erik V. Ellingsworth, DDS, LLC, as an Expanded Functions Dental Auxiliary and also performed additional administrative duties. (Compl., Doc. 1, ¶¶ 6-7; Plaintiff's Aff., Doc. 20, Pg. ID 539.) In 2009, Plaintiff and her daughter enrolled in a health insurance plan through Plaintiff's employment with Defendant. (Compl., Doc. 1, ¶¶ 10-12; Plaintiff's Aff., Doc. 20, Pg. ID 539.) Plaintiff claims that Defendant was required to pay at least half of her monthly premium payments but failed to do so. (Compl., Doc. 1, ¶¶ 14, 19; Plaintiff's Aff., Doc. 20, Pg. ID 540.) On January

19, 2024, Plaintiff filed the present lawsuit against Defendant for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and breach of contract. (Compl., Doc. 1, ¶¶ 28-54.)

Amid a similar timeframe, Plaintiff filed for Chapter 13 bankruptcy on February 9, 2017. (Bankruptcy Filing, Doc. 12-14, Pg. ID 175-235; *In re Mary Hart*, 1:17-BK-10416 (S.D. Ohio Bk. Ct. 2017)). In doing so, Plaintiff represented to the bankruptcy court that she did not have any claims against any third parties. (Bankruptcy Filing, Doc. 12-14, Pg. ID 188.) Plaintiff ultimately received an order of discharge on March 11, 2022, and the bankruptcy case was closed on May 31, 2022. *See In re Mary Hart*, 1:17-BK-10416 (S.D. Ohio Bk. Ct. 2017). It was not until around May 31, 2022, however, that Plaintiff discovered the facts underlying the claims in this present lawsuit. (Compl., Doc. 1, ¶ 15; Plaintiff's Aff., Doc. 20, Pg. ID 540.)

Turning back to the present case, Plaintiff initiated this federal action on January 19, 2024. (Compl., Doc. 1.) Defendant filed a Motion for Summary Judgment (Doc. 12), to which Plaintiff filed a Response in Opposition (Doc. 18) and Defendant filed a Reply in Support (Doc. 24). On January 16, 2026, the Court ordered the parties "to file supplemental briefing as to the question of Plaintiff's standing and whether her causes of action are part of the bankruptcy estate." (1/16/2026 Notation Order.) The parties submitted their Supplemental Briefs (Docs. 26, 28). This matter is now ripe for the Court's review.

## LAW AND ANALYSIS

The parties discussed the question of judicial estoppel in their original briefing. (*See* Motion, Doc. 12, Pg. ID 50-52; Response, Doc. 18, Pg. ID 523-25, Reply, Doc. 24, Pg. ID 576-79.) Following an order for supplemental briefing as to "Plaintiff's standing and whether her causes of action are part of the bankruptcy estate," the parties provided further arguments. (*See* 1/16/2026 Notation Order; Supp. Briefing, Docs. 26, 28.) The fundamental inquiry of standing—or sometimes framed as a real-party-in-interest question in this particular context—represents a threshold issue. *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904-06 (6th Cir. 2012) (addressing the preliminary question of standing but noting that the result "squares with the equitable aims of judicial estoppel"); *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013) (explaining that this inquiry "is better characterized as a real-party-in-interest question"). Simply put, an action in federal court "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

Plaintiff filed for Chapter 13 bankruptcy on February 9, 2017. (Bankruptcy Filing, Doc. 12-14, Pg. ID 175-235); *see also In re Mary Hart*, 1:17-BK-10416 (S.D. Ohio Bk. Ct. 2017). "At the commencement of a bankruptcy case, an estate is created and becomes the owner of all of the petitioners' property, including claims or 'choses-in-action' that accrued before the bankruptcy petition." *Litton Loan Servicing, L.P. v. Schubert*, 631 B.R. 868, 875 (N.D. Ohio 2021), *aff'd sub nom. In re Schubert*, No. 21-3969, 2023 WL 2663257 (6th Cir. Mar. 28, 2023). "[I]t is well established that the interests of the debtor in property include

causes of action." *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir. 1988) (quotations omitted).

Plaintiff received an order of discharge on March 11, 2022, and the bankruptcy case was closed on May 31, 2022. *In re Mary Hart,* 1:17-BK-10416 (S.D. Ohio Bk. Ct. 2017). According to Plaintiff, it was not until around May 31, 2022, that she discovered the facts underlying the claims in this present lawsuit. (Compl., Doc. 1, ¶ 15; Plaintiff's Aff., Doc. 20, Pg. ID 540.) In terms of the timeline concerning Defendant's alleged underpayment of premiums, this purportedly spanned from 2015 well into 2022. (Response, Doc. 18, Pg. ID 510.)

Notably, Plaintiff's "estate became the owner of all of her property, including [legal] claims that accrued before she filed her bankruptcy petition." *Auday*, 698 F.3d at 904 (citing 11 U.S.C. § 541(a)(1)). In considering when a claim accrues for such purposes, courts look for a pre-petition violation. *Tyler v. DH Cap. Mgmt., Inc.*, 736 F.3d 455, 462-63 (6th Cir. 2013) (noting that "accrual for the purposes of § 541 is different from accrual for statute-of-limitations purposes" but that the latter may sometimes prove instructive). ERISA claims generally accrue "when a fiduciary gives a claimant clear and unequivocal repudiation of benefits . . . , regardless of whether the repudiation is formal or not." *Morrison v. Marsh & McLennan Cos., Inc.*, 439 F.3d 295, 302 (6th Cir. 2006); *see also Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 539 (6th Cir. 2008) (explaining that ERISA-benefits claims accrued when the payments were withheld); *Patterson v. Chrysler Grp., LLC,* 845 F.3d 756, 763-64 (6th Cir. 2017); *Gragg v. UPS Pension Plan,* 55 F.4th 1059, 1061 (6th Cir. 2022). Additionally, "a breach of contract action accrues [under Ohio

law] when the breach occurs or when the complaining party suffers actual damages as a result of the breach." *Lorad, LLC v. Azteca Milling L.P.*, 670 F. Supp. 3d 470, 508 (N.D. Ohio 2023) (quotation omitted). Plaintiff fails to explain how her present claims are not rooted in pre-petition violations that were at least "minimally actionable." *Tyler*, 736 F.3d at 464.

As explained by the Sixth Circuit, "all causes of action that hypothetically could have been brought pre-petition are property of the estate." *Tyler*, 736 F.3d at 462. Chapter 13 bankruptcy estates further encompass property and claims that the "debtor acquires after the commencement of the case but before [her] case is closed." 11 U.S.C. § 1306(a)(1); *Keathley v. Buddy Ayers Constr., Inc.*, 146 S. Ct. 1532, 1536 (2026); *see also In re Wood*, 23 B.R. 552, 554-55 (Bankr. E.D. Tenn. 1982) (noting that the definition of estate property is broader within the Chapter 13 context than the Chapter 7 context). And, "the debtor's obligation to disclose potential causes of action continues after the Chapter 13 plan is confirmed." *Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 903 (N.D. Ohio 2012); *see also In re Macon*, 669 B.R. 626, 650 (Bankr. S.D. Ga. 2025) (concluding that the cause of action was estate property when the injury at the center of the claim occurred around four months after the bankruptcy plan was confirmed). These rules governing estate property hold true "even if the debtor was unaware of the claim." *Tyler*, 736 F.3d at 462 (cleaned up); *see Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 598 n.4 (S.D.N.Y. 2013). Thus, Plaintiff's contention that she was unaware of her claims until May 31, 2022, does not dictate a different conclusion. *See Barefield v. Hanover Ins. Co.*, 521 B.R. 805, 809 (E.D. Mich. 2014). Precedent further provides that "the entire cause of action is property of the estate, even

if further post-petition damages were incurred." *Tyler*, 736 F.3d at 462-63 (collecting cases).

This poses a problem for Plaintiff. When "the property has never been disclosed or scheduled as required by the Bankruptcy Code section 521, the close of the case does not affect an abandonment of the property to the debtor; it remains property of the estate." *Currithers v. FedEx Ground Package Sys., Inc.*, No. 04-10055, 2012 WL 380146, at *8 (E.D. Mich. Feb. 6, 2012) (citing 11 U.S.C. § 554(d)); *see also Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) (emphasizing that, "[e]ven after the case is closed, the estate continues to retain its interest in unscheduled property") (quotation omitted). Absent abandonment, "potential claims that a debtor does not properly schedule are inherently unadministered and remain property of the estate in perpetuity." *Litton Loan Servicing*, 631 B.R. at 876 (cleaned up); *see also Cluck v. Brentlinger Enters., Inc.*, No. 2:22-CV-290, 2024 WL 836957, at *5 (S.D. Ohio Feb. 28, 2024) ("Stated another way, without evidence of abandonment, it is the trustee that has the capacity to sue or be sued."). There is no evidence that such abandonment has occurred at this juncture. Though Plaintiff asserts that only the bankruptcy trustee—rather than Defendant—can invoke bankruptcy law in this context, she does not provide authority that requires deviating from the foregoing analysis. (*See* Supp. Brief, Doc. 26, Pg. ID 590-91 (citing *In re Fair Fin. Co.*, 834 F.3d 651, 675 (6th Cir. 2016)). Accordingly, Plaintiff has not demonstrated that she is the real party in interest with the ability to bring these claims in their entirety.

That leaves the question of next steps. Plaintiff requests that "[i]f the Court were to conclude that Plaintiff's claims are judicially estopped based upon their omission from

her bankruptcy petition (notwithstanding the obvious inadvertence of that omission), she would in that event respectfully request the Court to allow her to reopen her bankruptcy case to permit the pursuit of her meritorious claims." (Response, Doc. 18, Pg. ID 525 n.15.) A bankruptcy case may be reopened in order to administer assets of the estate. *See* 11 U.S.C. § 350(b). "Bankruptcy debtors misfiling claims in their own names have been allowed to salvage their cases by returning to the bankruptcy court to amend their schedules, to allow the trustee to abandon the claims, or to have the trustee ratify the lawsuit's filing." *Crocheron v. State Farm Fire & Cas. Co.*, 621 B.R. 659, 662 (E.D. Mich. 2020) (citing *Tyler*, 736 F.3d at 465), *vacated sub nom. Shapiro v. State Farm Fire & Cas. Co.*, No. 19-12755, 2020 WL 10045968 (E.D. Mich. Oct. 22, 2020).

Moreover, Rule 17(a)(3) of the Federal Rules of Civil Procedure provides that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *see also Knight v. New Farmers Nat'l Bank*, 946 F.2d 895 (Table), 1991 WL 207056, at *2 (6th Cir. 1991) (holding that the district court erred in dismissing the plaintiff's claim without first considering ratification or substitution by the trustee); *CSX Transp., Inc. v. Denardo*, No. 12-CV-11060, 2013 WL 1213067, at *6 (E.D. Mich. Mar. 25, 2013). Given the present circumstances, the Court finds it appropriate to stay this case to provide Plaintiff an opportunity to seek the reopening of the bankruptcy case.

## CONCLUSION

For all these reasons, the Court **ORDERS** the following:

1) This matter is hereby **STAYED** to provide Plaintiff an opportunity to seek the reopening of the related bankruptcy case; and

2) The parties **SHALL FILE** a joint status report by October 30, 2026.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ______________________________
JUDGE MATTHEW W. McFARLAND